IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| PRINCEWILL TATA, #1001953 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-03-367 |
| | § | |
| SGT. K. FERRY, ET AL. | § | |

## **REPORT AND RECOMMENDATION**

Plaintiff Princewill Tata, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, complaining of excessive use of force at the hands of Defendant officer Karl Ferry as Defendant officers Schaffer and Becerra stood by and watched. Currently before the Court is Defendants "Schaffer, Ferry, and Becerra's Motion for Summary Judgment," to which Plaintiff has filed no response. Having reviewed the Motion, Plaintiff's complaint and relevant pleadings, this Court now makes the following Report and Recommendation to the District Court.

Plaintiff alleges that on September 4, 2001, he was met at the infirmary by officers Becerra, Ferry and Schaffer, who were going to escort Plaintiff back to his cell. As they reached the infirmary door, Ferry scooped Plaintiff up by the back of his legs and slammed him on the back of his head. Ferry then allegedly got on top of Plaintiff with his knee in Plaintiff's stomach and attempted to choke him while threatening to hit him with his other hand. All the while, officer Becerra and Schaffer stood by and watched as Ferry assaulted Plaintiff. As a result of the assault, Plaintiff asserts that he suffered a sprained wrist; twisted ankle; damaged nerves; back injuries; and emotional distress.

Plaintiff exhausted the mandatory grievance process. The responses to his grievances state that the Central Grievance Headquarters would be notified and the grievances would be referred to the Investigations Division of the Office of the Inspector General.

Defendants allege that the complained of incident involved a major use of force by Defendant Ferry after Plaintiff attempted to spit on a nearby prison official. The witness statement of officer Geist[1] states that after Tata spit at officer Rogers, Defendant Ferry turned Plaintiff away from Rogers and placed him on the floor. Ferry then called for a video camera. Plaintiff complained of a sore foot and was placed in a wheelchair and taken to the infirmary for a use of force exam. The statements of several other officers who witnessed all or part of the incident (and are included in the Major use of Force Report ("Report") corroborate the statement of Geist. Also included in the "Report" is the statement of officer Rogers, who asserts that as she was escorting another offender to the infirmary, Plaintiff tried to spit at her. Ferry then placed the offender on his back on the floor and a supervisor and additional staff were notified and responded. Plaintiff was turned on his side until being placed in a wheelchair.

Defendants further assert, and medical records reveal, that Plaintiff suffered no injury other than a mildly swollen ankle which required treatment with an ice pack and Tylenol. Though Plaintiff alleges that he suffered an injured wrist, the claim appears to be unfounded. The next day he refused examination of his hand, stating that his hand was better.[2] Later that same day, Plaintiff stated that there was nothing wrong with his hand.[3] On that same date, Plaintiff denied any dizziness or other pain. Absolutely no other injuries were revealed.

---

[1] Defendants' Motion for Summary Judgment, Exhibit 1, Use of Force Report.

[2] Defendant' Motion for Summary Judgment, Exhibit 2, pages 856 and 1020. .

[3] *Id*.

To succeed on an Eighth Amendment excessive use of force claim, "the Plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).  With regard to the physical injury requirement, the Fifth Circuit has found that "the law in this Circuit is that to support an Eighth Amendment excessive force claim, a prisoner must have suffered from excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

As stated above, Plaintiff has not filed a response to the Defendants' motion.  In the absence of a response, the Court may accept the movants' evidence as undisputed, *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), and determine whether they have made a *prima facie* showing of their entitlement to summary judgment based upon that undisputed evidence.  *Vega v. Parsley*, 700 F.Supp 879, 881 (W.D. Tex. 1988).  In light of Plaintiff's undisputed medical record, the Court concludes, as a matter of law, that Plaintiff's injuries were no more than *de minimis.*  It is, therefore, the **RECOMMENDATION** of this Court that Defendants' Motion for Summary Judgment (Instrument no. 30) be **GRANTED** and this case be **dismissed with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff.  The Plaintiff shall have until **August 10, 2005** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time shall

bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___20th___ day of July, 2005.

John R. Froeschner
United States Magistrate Judge